# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **EDWIN MARRERO RODRIGUEZ,** | Civil Case Number: |
| **Plaintiff,** | |
| -v- | **CIVIL ACTION** |
| **EQUIFAX INFORMATION SERVICES, LLC,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## INTRODUCTION

1. Plaintiff, Edwin Marrero Rodriguez, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC ("Equifax") has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendant failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff, Edwin Marrero Rodriguez ("Plaintiff"), is a resident of Puerto Rico and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

9. Sometime prior to March of 2024, Plaintiff discovered that his Reliable Auto account was being reported inaccurately on his consumer report with Defendant Equifax.

10. Specifically, Defendant was reporting this account derogatorily, with late payments from August of 2018 – January of 2019, as well as an outstanding balance of $1,883.

11. This is patently inaccurate, because as reflected by Plaintiff's payment history, all his payments were made on time and was paid off on December 28, 2018.

12. Accordingly, on or about March 15, 2024, Plaintiff sent a dispute regarding this account via certified mail to Equifax, specifically indicating that he had paid this account on time and in full, and that this information should be correct and/or removed.

13. Following receipt of Plaintiff's disputes, Equifax failed to conduct a reasonable

investigation, correct or remove the inaccurate Reliable Auto account from the Plaintiff's credit file. Instead, Equifax responded indicating it question the legitimacy of Plaintiff's dispute.

14. Accordingly, Plaintiff sent an additional dispute on or about April 13, 2024, in which he addressed Defendant's response, reiterated the genuine nature of his dispute, and asserted that the Reliable Auto was inaccurate, and requesting that Equifax reinvestigate this information which should be correct and/or removed.

15. Again, Equifax failed to conduct a reasonable investigation, correct or remove the inaccurate Reliable Auto account from the Plaintiff's credit file. Instead, Equifax responded with the same form letter.

16. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

17. Equifax was notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

18. At all times pertinent hereto, Defendant's violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

19. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

20. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. As a direct and proximate result of the Defendant's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his

daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this inaccurate and negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

22. Defendant's violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

23. All preceding paragraphs are realleged.

24. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

25. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

26. On or about March 15, 2024 and again on April 13, 2024, the Plaintiff initiated disputes with Equifax requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging Reliable Auto accounts.

27. Equifax received Plaintiff's disputes, as evidenced by their responses.

28. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file,

something that any basic investigation would have prevented.

29. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

30. All preceding paragraphs are realleged.

31. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

32. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Reliable Auto accounts information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

33. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 30, 2024

By: */s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com
*Attorney for Plaintiff*